IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

v.   No. 3:22-CR-00034-01-JM
   3:24-CV-00207-JM

**QUINCY ALEXANDER JACKSON**

## ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 33) is DENIED.

**I.   BACKGROUND**

On June 13, 2023, Defendant pleaded guilty to being a felon in possession of a firearm.[1] On November 30, 2023, he was sentenced to 195 months in prison.[2] He did not appeal.

On November 5, 2024, Defendant filed this § 2255 motion, asserting ineffective assistance of counsel.

**II.   DISCUSSION**

To prevail on a claim of ineffective assistance of counsel, Defendant must first show that his lawyer's performance fell below an objective standard of reasonableness.[3] He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[4]

---

[1] Doc. Nos. 20, 21.

[2] Doc. Nos. 27, 28.

[3] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[4] *Id.* at 690.

Then, the Court must determine whether, considering all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[5] A defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[6]

If a defendant establishes deficient performance by counsel, he still must establish prejudice.[7] This requires a defendant to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[8]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Defendant fails to establish either part of this test, the Court need not consider the remaining part of the test.[9]

Defendant asserts ineffective assistance of counsel because his lawyer allegedly misled him and "told [him] all the wrong things just to get the case over with," and he feels like he was "forced into taking the charge."[10] These conclusory statements are insufficient to support a claim of ineffective assistance.[11] Additionally, they are contradicted by the record. Defendant was asked repeatedly if he wanted to plead guilty and whether he was satisfied with his lawyer. Each time he answered affirmatively.[12]

---

[5] *Id.*

[6] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[7] *Strickland*, 466 U.S. at 694.

[8] *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome.").

[9] *Stephen v. Smith*, 963 F.3d 795, 800 (8th Cir. 2020).

[10] Doc. No. 33.

[11] *Bryson v. United States,* 268 F.3d 560, 562 (8th Cir.2001) (conclusory allegations are insufficient to establish ineffective assistance).

[12] Doc. Nos. 36, 37.

Defendant also appears to take issue with the fact that he is currently in state custody, completing state court sentence. This is not a cognizable § 2255 claim.[13]

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 33) is DENIED.

IT IS SO ORDERED this 28th July, 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[13] *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995) (holding that a claim attacking the execution of a sentence is not cognizable under § 2255).